[Cite as *Levinson v. Univ. of Akron*, 2011-Ohio-3770.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARK LEVINSON

    Plaintiff

    v.

THE UNIVERSITY OF AKRON

    Defendant

   Case No. 2010-10581-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} On August 19, 2010, at approximately 1:30 p.m., plaintiff, Mark Levinson, suffered property damage to his car while exiting a parking lot owned and operated by defendant, The University of Akron ("UA"). Specifically, the hood of plaintiff's car was scratched when the vehicle was struck by a traffic gate arm located at the exit of Quaker Square Inn on defendant's premises. Plaintiff implied the gate arm malfunctioned and fell upon his car. A written report of the incident compiled by an officer of the UA police department noted plaintiff stated "while leaving the gated entrance of Quaker Square he stopped, began backing up, and the parking booth gate came down on his hood causing some scratches." As a result of the August 19, 2010, incident plaintiff filed this complaint seeking to recover $305.58, the cost of repairing his car. The $25.00 filing fee was paid.

{¶ 2} Defendant denied the gate arm at the exit to the UA parking facility

malfunctioned on August 19, 2010. Defendant suggested plaintiff's vehicle was damaged as a proximate cause of plaintiff's own negligence in backing up after his vehicle had already activated the sensor which raises the gate arm. Defendant asserted the attendant has no control over the gate arm mechanism once the sensor has been activated. Defendant maintained plaintiff's negligent driving maneuver was the sole cause of his property damage. Plaintiff has not submitted any evidence to show the traffic gate arm at defendant's parking lot was malfunctioning on August 19, 2010.

CONCLUSIONS OF LAW

{¶ 3} The traffic gate and mechanism which governs it is under the exclusive control of defendant. Thus, defendant will be liable for any malfunction which causes damages. *Han v. Traffic Department, Ohio State University* (1981), 81-04575-AD.

{¶ 4} However, plaintiff has the burden of proving, by a preponderance of the evidence, that the particular traffic gate malfunctioned during normal and intended use. *Saunders v. The Ohio State University* (1993), 93-05245-AD. To make such a showing, plaintiff must produce sufficient evidence or documentation to satisfy the trier of fact. *Saunders*.

{¶ 5} If plaintiff produces sufficient evidence which furnishes a basis for only a guess, among different possibilities, the claim is insufficient. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 99, 118 N.E.2d 147. Rather, plaintiff must establish a reasonable basis for substantiating all essential issues in the claim. *Landon*.

{¶ 6} Plaintiff has failed to prove his car was damaged by a malfunctioning traffic gate arm under the control of defendant. See *Quaiser v. Cleveland State University* (1999), 99-02035-AD; *Watson v. University of Toledo* (2001), 2001-02635-AD, *Reese v. Cleveland State Univ.*, Ct. of Cl. No. 2004-10493-AD, 2005-Ohio-3248.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARK LEVINSON

    Plaintiff

    v.

THE UNIVERSITY OF AKRON

    Defendant

    Case No. 2010-10581-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Mark Levinson
543 Morewood Parkway
Rocky River, Ohio  44116

M. Celeste Cook
Associate Vice President and
Assistant General Counsel
302 Buchtel Mall
Akron, Ohio  44325-4706

SJM/laa
3/24

Filed 4/13/11
Sent to S.C. reporter 7/29/11